## No. 7667.

### W. N. ROGERS VS. W. F. GOLDTHWAITE.

When the plaintiff remits a part of the interest upon his claim so as to reduce the sum claimed below the appealable amount, on account of the delay consequent on appeals to the Supreme Court in ordinary suits, and is cast in his suit, he cannot then restore appellate jurisdiction by an affidavit that the matter in dispute exceeds the appealable sum.

RULE to shew cause.

*Handlin* for Plaintiff.    *Fellows* for Defendant.

The suit was instituted to recover $498.57 with interest from judicial demand, half the cost of a boundary wall, and an amended petition was filed stating that the interest, if claimed for the time it was really due, would have made the sum claimed over $500, but that he remitted all not claimed in the original petition "on account of the delay consequent to appeals in ordinary suits to the Supreme Court." The judgment was for the defendant, and the plaintiff obtained an order of appeal on the affidavit of his attorney that the property, to which the boundary wall belonged, exceeds in value $500. The evidence had not been taken in writing on the trial below, and the opposing counsel refused to join in a statement of facts, and the judge refused to make any. A rule was taken in this court by the plaintiff on the judge below and the opposing counsel, to shew cause "why the original record should not stand as a statement of facts." The original record was appended to the rule.

MARR, J. This whole proceeding is anomalous; but we are arrested at the threshold by the want of jurisdiction, which was not disclosed in the motion, but which is apparent from the original record, and which we are compelled to notice *ex proprio motu.*

The value of the property to which the wall belongs is not in controversy; nor is the title to that property in any way disputed.

The plaintiff seeks to recover $498.57 with interest from judicial demand; and the three cases relied upon to support the right of appeal have no application in this case.

In the Succession of Renneburg, 15 A. 661, the title to a lot of ground was in dispute; in the State *v.* Judge, 25 A. 621, the right of relator to erect a wall on her property was contested; and in Slaughter House Co. *v.* Larrieux, 30 A. 798, the rights and privileges of the corporation, under its charter, were involved.

The jurisdiction of this court in ordinary civil suits is limited to cases in which the matter in dispute shall exceed $500; and the matter in dispute is the thing demanded in the petition. It is well settled that the interest which has accrued up to the date of the bringing of the suit must be added to the principal; but the interest which accrues after judicial demand cannot be considered in order to determine whether the amount in dispute is sufficient to give this court jurisdiction. C. P. 91; Pujol *v.* Correjolles, 5 Rob. 90; Mason *v.* Oglesby, 2 A. 793.

It is the amount due and demanded which determines the right of appeal.

This court is clearly without jurisdiction. We have no authority to proceed further on the motion of plaintiff, except to dismiss it for want of jurisdiction, as we shall do, without expressing any opinion on its merits.

*The motion is therefore dismissed; and the rule is discharged at the costs of the mover.*